IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABDOU B. DIALLO, #A-72-353-717,         *
          Petitioner,
   v.                                      *   CIVIL ACTION NO. PJM-05-2670

THE UNITED STATES DEPARTMENT OF         *
HOMELAND SECURITY BUREAU OF
IMMIGRATION AND CUSTOMS                 *
ENFORCEMENT,
          Respondent.                 *
                                       ******

## MEMORANDUM

On September 26, 2005, Abdou B. Diallo, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee housed at the Wicomico County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release. Petitioner claims that his detention is unconstitutional.[1]  He seeks his immediate removal or release from detention until such time as his removal may be effected. *Id*.

Pursuant to established practice, Court personnel notified ICE authorities that this Petition had been filed. On September 29, 2005, ICE District Counsel filed a Preliminary Response to the Petition. Paper No. 2.

According to the petition, Diallo is a native of Guinea and a citizen of France who was taken into ICE custody on July 26, 2004. He claims that on March 23, 2005, his order of removal became final. He states that an attempt to remove him occurred on an unspecified date when he was flown to Belgium and then returned to the United States. Paper No. 1.

---

[1]The Petition was filed by Patrick G. Tzeuton, Esquire on behalf of Mr. Diallo. Although, Mr. Tzeuton is not a member of the bar of this Court, the petition was accepted for filing as a pro se petition and counsel was advised to rectify his bar status.

Respondents state that Petitioner is a native and citizen of Guinea who attempted to enter the United States on July 26, 2004, under the Visa Waiver Program[2] using a fraudulent French passport. Paper No. 2. Petitioner expressed a fear of returning to Guinea and was therefore afforded an "asylum only" hearing before an Immigration Judge ("IJ"). The IJ denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture Act on January 3, 2005. Petitioner's appeal to the Board of Immigration Appeals ("BIA") was later withdrawn by him and the BIA dismissed the appeal on March 23, 2005. *Id*.

Respondents advise that they have obtained the necessary travel documents for Petitioner's repatriation to Guinea. *Id*., Ex. A. His removal is schedule to occur on or after October 17, 2005. *Id.*

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.[3] In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

---

[2] 8 U.S.C. § 1187 et seq.

[3] The Supreme Court has recently held the *Zadvydas* applies to aliens, like Petitioner, who were found to be inadmissible. *Clark v. Suarez-Martinez*, ___ U.S. ___, 125 S.Ct. 716, 722 (Jan. 12, 2005).

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future. To the contrary, Respondent's recent filings with the Court, evidencing that the necessary travel documents have been received and that Petitioner's deportation to Guinea is now imminent, refute any such contention and render Petitioner's habeas challenge to his post-order detention under *Zadvydas* moot.

A separate Order follows.

                                                   /s/
                                    PETER J. MESSITTE
October 5, 2005               UNITED STATES DISTRICT JUDGE